**MALAMUT & ASSOCIATES, LLC**
Mark R. Natale, Esq.
457 Haddonfield Road Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-424-2032 (f)
*Attorneys for Plaintiff*

---

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Amber Koloski** | |
| **Plaintiff** | CIVIL ACTION NO.: |
| vs. | |
| **Blaise Alexander Buick GMC** | **PLAINTIFF REQUESTS A TRIAL BY JURY** |
| **Defendant** | |

---

### COMPLAINT

**I.     PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Amber Koloski.  Plaintiff was an employee of Defendant, Blaise Alexander Buick GMC, who has been harmed by the Defendant's discriminatory employment practices.

2. This action arises under Title VII of the Civil Rights Act of 1964.

1

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. § 1391 as Plaintiff's claims are substantively based on the Title VII of the Civil Rights Act of 1964 ("Title VII")

4. The Eastern District of Pennsylvania has general jurisdiction over the Defendant, who is a Pennsylvania Corporation who has sufficient minimum contacts to the Eastern District, due to their purposeful and intention direction of goods and services into the marketplace of the Eastern District of Pennsylvania.

## III. PARTIES

5. The Plaintiff herein is Amber Koloski, former employee of the Defendant.

6. The Defendant herein is Blaise Alexander Buick GMC. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of Defendant. At all times material herein, Defendant is and has been a "person" and "employer" as defined under Title VII of the Civil Rights Act of 1964.

## IV. UNDERLYING FACTS

7. The Defendant, upon information and belief, employed 50 or more persons when the unlawful conduct alleged in this Complaint occurred.

8. Defendant employed Plaintiff for approximately six months as a finance assistant.

9. Throughout her employment, Plaintiff was subjected to crude, severe, and pervasive sexual harassment.

10. Plaintiff was inappropriately touched on multiple occasions by an employee of the Defendant despite her pleas for him to stop.

11. The harassment began in or around March of 2019, when an employee of the Defendant would walk past the Plaintiff and put his hand on her shoulder.

12. As time progressed, the conduct got worse.

13. In or around April of 2019, the same employee that was harassing her would repeatedly asked her to lunch, despite Plaintiff making clear she wasn't interested.

14. When Plaintiff refused, the employee was hostile.

15. Plaintiff reported these incidents to the General Manager, who told her to ignore it.

16. The Defendant did not have an effective anti-harassment policy, complaint mechanism, and did not take complaints seriously.

17. Once again, the same employee touched Plaintiff. He touched her on her shoulder and chest. Plaintiff asked him to stop and removed herself from the work area.

18. The remainder of the day, the employee was openly hostile to the Plaintiff.

19. Plaintiff tried to report the incident to Human Resources the next day.

20. Human Resources told the Plaintiff that she would speak to the owner directly.

21. Plaintiff spoke with the owner, who told the Plaintiff that he knows the employee in question and he would never do this.

22. The owner did not believe the Plaintiff and did not take her complaints seriously.

23. Following this meeting, the incident happened again as the same employee touched Plaintiff on the chest.

24. When the Plaintiff objected, the employee said words to the effect of "Well, what? Can't you handle this?"

25. Plaintiff once again complained, and once again had a meeting with Human Resources, her supervisor, and the owner of the company.

26. Again, Plaintiff's complaints were completely disregarded.

27. At this meeting, Plaintiff was accused of wanting to start drama and she was told that the the company has "no room for drama."

28. Two days later, Plaintiff was wrongfully accused of stealing $200 from a customer's down payment.

29. The accusation was false and completely baseless.

30. A few weeks later, Plaintiff was terminated with no explanation given.

31. Plaintiff's termination violated Title VII of the Civil Rights Act of 1964.

32. The upper level managers for the Defendants not only knew about Plaintiff's illegal termination, but actively participated in it.

## COUNT I

## HOSTILE WORK ENVIORNMENT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

33. Paragraphs 1-32 are incorporated herein as if set forth at length.

34. As a female, Plaintiff was protected against sex/gender discrimination under Title VII of the Civil Rights Act.

35. Plaintiff was subject to a constant barrage of unwanted sexual advances, comments, and physical touching.

36. Plaintiff was subject to this ongoing harassment because of her sex.

37. The harassment Plaintiff faced was both severe and pervasive, and changed the terms and conditions of her employment.

38. Plaintiff would not have been subject to the sexual harassment if not because of her sex.

39. Defendant did not have an adequate sexual harassment prevention policy.

40. To the extent any anti-harassment policy existed, it was not properly distributed, trained on, followed, enforced, or taken seriously.

41. Despite multiple attempts to complain, Plaintiff was repeatedly ignored and disregarded.

42. Plaintiff suffered a hostile work environment under Title VII of the Civil Rights Act of 1964.

## COUNT II

### Retaliation in Violation of Title VII of the Civil Rights Act of 1964

43. Plaintiff incorporates paragraphs 1 through 42 as if set forth at length herein.

44. Plaintiff had a reasonable belief that her rights were being violated under Title VII of the Civil Rights Act of 1964 when she was subject to severe and pervasive harassment because of her sex.

45. Plaintiff attempted to complain about the violations of her rights.

46. However, Plaintiff's complaints were not taken seriously.

47. Nothing was done to address Plaintiff's complaints.

48. Defendant did not bother to investigate or look into Plaintiff's complaint.

49. Instead, Defendant just simply did not believe Plaintiff's complaints, and told her as much.

50. In fact, Defendant and its upper level managers held contempt for Plaintiff because she complained, telling her that they did not want "drama" in the company.

51. Shortly after Plaintiff's complaints, she was terminated.

52. Plaintiff was terminated in violation of the anti-retaliation provision of Title VII of the Civil Rights Act of 1964.

53. Defendant's upper level managers and owners not only knew about the retaliation Plaintiff faced, but actively participated in it.

## COUNT III

## Disparate Treatment Under Title VII of the Civil Rights Act of 1964

54. Plaintiff incorporates paragraphs 1 through 53 as if set forth at length herein.

55. Plaintiff suffered disparate treatment because of her sex/gender.

56. Plaintiff tried to complain about harassment she faced, but she was completely dismissed.

57. Her supervisors and the owner of the company did not believe her, and told her she was created too much "drama".

58. Then, she was terminated.

59. Plaintiff would not have been treated this way if not for her sex/gender.

60. Because of Plaintiff's sex/gender, she was dismissed, discredited, and targeted for termination.

61. Plaintiff's termination was motivated by her sex/gender.

## PRAYER FOR RELIEF

62. Plaintiff incorporates paragraphs 1 through 61 as if set forth at length.

**WHEREFORE**, Plaintiff requests that this court enter judgment in her favor against the Defendant, and order that:

A. Defendant compensate Plaintiff with back pay, at a rate of pay and other benefits and emoluments of employment to which he would have been entitled had she not been subjected to unlawful discrimination based on her sex/gender, and retaliation for her complaints.

B. Defendant compensate Plaintiff with an award of front pay, if appropriate.

C. Defendant pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable.

D. Defendant pay to Plaintiff pre and post judgment interest, the costs of suit and attorney and expert witness fees as allowed by law.

E. Defendant shall eliminate all unlawful discriminatory practices as well as remedy the discriminatory effect of past practices and procedures.

F. The Court shall award such other relief as if deemed just and proper, in law and/or equity, including injunctive relief if the Honorable Court deems said relief appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted;

By. /s/ Mark R. Natale Esq.

Mark R. Natale, Esq.